ROBERT L. MARTIN
37 North Street
Great Barrington, MA 01230

Telephone: (413) 528-1058
Facsimile: (413) 644-8916

Plaintiff, Pro Se

FEDERAL DISTRICT COURT

IN AND FOR THE COUNTY OF BERKSHIRE

| | | |
|---|---|---|
| ROBERT L. MARTIN, | ) | CASE NO.: 04-30211-MAP |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| TONYA PINKINS, an individual; | ) | |
| DIVINITY TO INFINITY | ) | |
| UNLIMITED, a corportation; | ) | |
| CORNUCOPIA, a corporation; | ) | |
| and DOES 1-100, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff hereby files this Complaint in Federal District Court of Berkshire County on the following grounds: 1) there is diversity of citizenship between Plaintiff and Defendants who reside in different states; and, 2) the amount in controversy exceeds $75,000.00.

Respectfully submitted.

_____
ROBERT L. MARTIN, Plaintiff Pro Se

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL BACKGROUND

Plaintiff became romantically involved with Defendant TONYA PINKINS (hereinafter "PINKINS") on June 29, 2003 and shortly thereafter became engaged to marry PINKINS. Plaintiff was an adult protected person with a Court appointed Conservator during the time he was engaged to PINKINS and disclosed these facts to PINKINS.

Plaintiff unexpectedly received approximately $43,000 that he was uncomfortable handling himself. At PINKINS' suggestion, Plaintiff entrusted this money to PINKINS, who promised that she would repay this sum in full if their engagement was ended for any reason. PINKINS also promised Plaintiff that she would give him 45% ownership of all of her corporations including, but not limited to, DIVINITY TO INFINITY UNLIMITED, INC. and CORNUCOPIA, INC. (hereinafter the "Corporations"). PINKINS also promised Plaintiff that he would receive 45% of all the Corporations' income.

Subsequently, PINKINS did arbitrarily and capriciously break her engagement to Plaintiff and reneged on her promise to reimburse Plaintiff the $43,000. PINKINS also reneged on her promise to give Plaintiff 45% ownership of the Corporations. PINKINS also reneged on her promise to give Plaintiff 45% of the income to the Corporations. All of which has given rise to this complaint.

### FIRST CAUSE OF ACTION

### FRAUD

PINKINS urged Plaintiff to give her approximately $43,000 for "safekeeping" and that

she would return this money to him any time he asked for it. PINKINS also assured Plaintiff that she would always reimburse him the full amount if their engagement and they separated before becoming married for any reason. Subsequently, PINKINS arbitrarily and capriciously ended her engagement to Plaintiff and then refused to return any of the approximately $43,000 Plaintiff had entrusted to her.

PINKINS' actions as described herein constitute fraud.

## SECOND CAUSE OF ACTION

### THEFT

PINKINS illegally obtained approximately $43,000 from Plaintiff through various means. Plaintiff has demanded that PINKINS return this money to him but PINKINS has repeatedly failed and refused to do so. PINKINS' actions as described herein constitute theft.

## THIRD CAUSE OF ACTION

### FINANCIAL EXPLOITATION OF A VULNERABLE ADULT

Plaintiff had advised PINKINS that he was a vulnerable adult and was under a Court-appointed Conservatorship. As such, PINKINS had a fiduciary duty to Plaintiff that extended beyond the duty one adult would toward another. With respect to the $43,000, PINKINS acted as Plaintiff's *de facto* Conservator and had a duty to protect Plaintiff and his money from himself. Instead of properly protecting Plaintiff and his money, PINKINS deliberately and intentionally exploited Plaintiff financially.

PINKINS' actions as described herein constitute Financial Exploitation of a Vulnerable Adult.

## FOURTH CAUSE OF ACTION

## RICO

PINKINS committed the crimes of theft, fraud and Financial Exploitation of a Vulnerable Adult upon Plaintiff. PINKINS repeatedly stole money from Plaintiff over a four month period. PINKINS also repeatedly committed fraud during this time period. Further, PINKINS repeatedly exploited the Plaintiff, a vulnerable adult, for financial gain. Thus, PINKINS committed multiple predicate acts which support a RICO claim.

PINKINS' actions as described herein constitute violation of the RICO statute.

## FIFTH CAUSE OF ACTION

## DECLARATORY RELIEF

PINKINS promised to give Plaintiff 45% ownership of all her corporations including, but not limited to, DIVINITY TO INFINITY UNLIMITED, INC. and CORNUCOPIA, INC. (hereinafter the "Corporations"), as well as 45% of all the revenues to the Corporations.

Plaintiff prays for Declaratory Relief as follows:

1.) For an Order declaring that Plaintiff owns 45% of PINKINS' corporations and must be issued corporate shares and voting rights accordingly;

2) For an Order declaring that Plaintiff is entitled to 45% of the revenues from PINKINS' corporations from October 31, 2004 through the present.

\\

\\

\\

**WHEREFORE,** Plaintiff prays for:

1) $43,000, plus interest at the maximum legal rate from October 31, 2003 through the present;

2) 45% of all revenues from DIVINITY TO INFINITY UNLIMITED, INC. and CORNUCOPIA, INC. from October 31, 2003 through the present (estimated to be approximately $250,000 to date) and continuing in perpetuity.

3) For an Order decreeing that Plaintiff owns 45% of DIVINITY TO INFINITY UNLIMITED, INC., and CORNUCOPIA, INC. and that Plaintiff must be issued shares and voting rights in the Corporations accordingly.

Plaintiff hereby demands jury trial.

DATED: October 27, 2004        Respectfully submitted,

_____
ROBERT L. MARTIN, Plaintiff Pro Se